610 A.2d 323

Leroy E. KAGLE

v.

ALLEGHENY TRANSFER AND STORAGE CO., INC.

No. 1726, Sept. Term, 1991.

Court of Special Appeals of Maryland.

June 1, 1992.

Reconsideration Denied June 30, 1992.

Leroy E. Kagle, Lothian, for appellant.

Kenneth J. MacFadyen (Friedman & MacFadyen, P.C., on the brief), Baltimore, for appellee.

Argued before GARRITY, BLOOM and FISCHER, JJ.

FISCHER, Judge.

Leroy E. Kagle, appellant, an attorney at law acting pro se, appeals from a decision of the Circuit Court for Baltimore City (Byrnes, J.) that dismissed three of four counts of appellant's complaint and "remanded" the remaining count to the district court for trial. The case stemmed from Kagle's hiring of Allegheny Transfer and Storage Company, Inc., appellee, to facilitate Kagle's change of residence.

Kagle alleged various acts of wrongdoing on the part of Transfer during the move.

In this appeal, appellant raises three issues which we have slightly rephrased as follows:

1. Did the trial court justifiably and properly ignore Md.Rule 2–311(b) when it acted prematurely to deny the plaintiff an opportunity to move for a hearing or to otherwise respond to defendant's motion?

2. Did the trial court act properly in *sua sponte* dismissing counts sounding in conversion and breach of contract without giving the plaintiff notice and an opportunity to be heard?

3. Did the trial court act properly in dismissing *with prejudice* counts sounding in conversion, breach of contract, and negligent hiring/retention on the basis of the pleadings alone? [Emphasis in original.]

Appellee, in turn, avers that this appeal was either filed belatedly or prematurely. Since it is clear to us that this appeal is untimely, we need not reach appellant's contentions.

The record shows that on April 4, 1991, Judge Byrnes *sua sponte* "remanded" [1] count II of appellant's amended complaint (alleging trespass to chattels) to the District Court of Maryland for Baltimore City. In addition, Judge Byrnes dismissed, with prejudice, the remaining counts set forth in appellant's amended complaint.

Due to the movement of the case between the two courts and the resulting failure to make proper docket entries, it is impossible to know precisely when some of the actions in this case were taken. From the information available, however, we are able to conclude that this appeal is belated.

■ The docket entries reflect the April 4, 1991 dismissals noted above and the "remanding" of count II to the

---

1. The circuit court action was apparently taken pursuant to Md. Rule 2–327 which authorizes the circuit court to transfer actions within the exclusive jurisdiction of the district court to that court.

district court. The next entry reads, "4/16/91 original papers & docket entries returned to the D.C." The following entry states, "7/24/91 Motion for Reconsideration Denied, Byrnes, J." From this, the obvious question arises, when was the motion for reconsideration filed? The docket entries are of no assistance in answering this question, but the original motion itself contains a district court date stamp of April 26, 1991. The motion to reconsider is, therefore, a Md.Rule 2–535 motion (filed beyond ten days of the entry of judgment) and does not stay the time for appeal. It follows that, for an appeal to have been timely, it must have been filed within thirty days of April 4, 1991. The docket entries, however, reflect that this appeal was not taken until November 7, 1991. The tardy appeal was apparently caused by the circuit court's action in "remanding" count II to the district court and in appellant's failure to appreciate the effect of the circuit court's action.

Appellant was proceeding on the belief that a final judgment, for purposes of appeal, would not exist until a result was obtained as to count II. Accordingly, on November 6, 1991, appellant filed a motion in the district court voluntarily dismissing count II of his complaint. The next day, he filed this appeal.[2]

As we see it, when the circuit court dismissed with prejudice all of appellant's counts save count II and transfered count II to the district court, a final judgment for appeal purposes was entered. As the Court of Appeals stated in *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767 (1989):

> [A] ruling of a circuit court is not appealable unless it constitutes a final judgment. To have the attributes of finality, the ruling must be so final as either to determine *and conclude* the rights involved or to deny the appellant the means of further prosecuting or defending his or her

---

2. The district court, however, did not dismiss count II until November 18, 1991, a circumstance which led appellee to allege that, if appellant's appeal were not too late, it was prematurely filed.

rights and interests in the subject matter of the proceeding. [Emphasis in original.]

■ Dismissal with prejudice of counts I, III, and IV certainly foreclosed further circuit court action on those counts. Only count II, a claim within the exclusive jurisdiction of the district court, remained. When count II was transferred to the district court, appellant was foreclosed from proceeding in the circuit court on count II. Similarly, in *Schultz v. Pritts*, 291 Md. 1, 6, 432 A.2d 1319 (1981), the Court of Appeals stated,

> In this case the Circuit Court's order remanded the proceedings to the Board, a local administrative agency. As a result the matter reverted to the Board, and there was nothing further for the Circuit Court to do. Thus the parties were denied the means of further prosecuting or defending their rights and interests in the judicial proceeding.

So likewise, in the case *sub judice*, the transfer of count II denied the parties the opportunity to litigate the matter further in the circuit court. To preserve his rights, the appellant should have filed a timely appeal from the circuit court's decision. He should then have notified the district court of the appeal and requested a stay of the proceedings pending the outcome of the appeal.

APPEAL DISMISSED.

COSTS TO BE PAID BY APPELLANT.